UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAVID ANDERSEN                                         CIVIL ACTION

VS.                                                    NO. 2:20-CV-1704

STANDARD INSURANCE COMPANY

**COMPLAINT**

The Complaint of David Andersen respectfully alleges:

1. This is a claim for ERISA long term disability benefits as well as life insurance waiver of premium benefits.

2. This Court has jurisdiction and venue under 29 U.SC. Sec. 1001 et. Seq; 29 U.S.C. Sec. 1132(e)(1)(2).

3. **Plaintiff, David Andersen**, of lawful age and a resident of Metairie, Louisiana, is a plan participant and beneficiary of an ERISA plan created by his employer, La Macchia Group, LLC and an insured participant of a group disability policy issued by Standard Insurance Company.

4. **Defendant, Standard Insurance Company ("Standard")**, is a foreign corporation, doing business in Louisiana. Upon information and belief, Standard is incorporated in Portland Oregon, and its principal place of business is in the state of Oregon.

5. Standard issued a group long term disability policy insuring the employees of La Macchia Group, LLC. Plaintiff is a beneficiary and insured under the policy.

6. Standard issued a group life insurance policy insuring the employees of La Macchia Group, LLC. Plaintiff is a beneficiary and insured under the policy.

7. ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries.  29 USC Sec. 1104(a)(1).

8. Plaintiff filed a claim for disability benefits with the Plan because his medical condition precluded him from continuing to perform the duties of his job on a fulltime basis.

9. Plaintiff filed a claim for life insurance wavier of premium benefits because he is disabled under the terms of the life insurance policy.

10. Plaintiff is disabled under the terms of the disability policy and life insurance policy issued by Standard.

11. Standard unlawfully denied Plaintiff disability benefits he is entitled to under terms of the disability policy.

12. Standard unlawfully denied Plaintiff life insurance waiver of premium benefits he is entitled to under terms of the life insurance policy.

13. Plaintiff appealed the denials, but Standard upheld its previous decisions.

14. Standard's denials are based on insubstantial evidence and are arbitrary and an abuse of any purported discretionary authority.

15. Plaintiff has exhausted his administrative remedies and now files this suit to reverse Standard's denial of benefits.

16.  Standard has abused any purported discretion authority by denying Plaintiff's claim for disability benefits and life insurance waiver of premium benefits in bad faith.

17. Standard administered Plaintiff's claim with an inherent and structural conflict of interest as Standard is liable to pay benefits from its own assets to Plaintiff, and each payment depletes Standard's assets.

18. Plaintiff has been denied the benefits due to him under the Plan, has suffered, and is continuing to suffer economic loss as a result.

19. Plaintiff is entitled to an award of interest on all money that Defendants should have paid to Plaintiff.

20. Defendants' denial has required Plaintiff to hire attorneys to represent him in this matter to recover benefits due to him under the Plan.

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;
2. For all reasonable attorney fees;
3. For costs of suit; and
4. For all other relief as the facts and law may provide.

Respectfully submitted,

/s/ Reagan Toledano
Willeford & Toledano
James F. Willeford (La. 13485)
Reagan L. Toledano (La. 29687)
201 St. Charles Avenue, Suite 4208
New Orleans, Louisiana 70170
(504) 582-1286; (f) (313)692-5927
rtoledano@willefordlaw.com